

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

RCH/EMR
F. #2017R01784

*271 Cadman Plaza East
Brooklyn, New York 11201*

April 5, 2022

By ECF

The Honorable William F. Kuntz
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ego Onaga
                Criminal Docket No. 19-061 (WFK)

Dear Judge Kuntz:

      The government respectfully submits this letter in advance of the defendant's sentencing scheduled for April 7, 2022, at 2:30 p.m. On January 31, 2020, the defendant pled guilty before this Court to Count Two of a two-count indictment, which charged the defendant with committing healthcare fraud, in violation of 18 U.S.C. § 1347(a), between approximately July 2015 and June 2017. See Presentence Investigation Report ("PSR") ¶¶ 1-2. For the reasons stated herein, the government respectfully requests that the Court impose a sentence of two years of probation with conditions of restitution and community service. The government submits that such a sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

      I.    Background

      The New York State Early Intervention Program (the "EIP") was a New York State program that provided remedial services to developmentally delayed children from birth to age three. See PSR ¶ 9. These services included physical therapy, occupational therapy, speech therapy, special instruction, and social work services, and were provided by individual therapists who were either subcontractors or employees of agencies that held contracts with the New York State Department of Health. See id. In New York City, the New York City Department of Health and Mental Hygiene administered the EIP under the ultimate oversight of the New York State Department of Health. See id. EIP therapists submitted written reports, known as session notes, that documented their therapy sessions in order to receive payment for those sessions. See PSR ¶ 10. These session notes included the date, time and place of a session, as well as information about the therapy administered and the child's progress; the

session notes needed to be signed by the therapist and parent or guardian of the child immediately after the conclusion of a session. See id. After submitting these session notes, EIP therapists were paid by their EIP agencies, which were in turn reimbursed by either private insurance, Medicaid or the New York City Department of Health and Mental Hygiene. See PSR ¶ 11.

  II.  The Defendant's Criminal Conduct

  The Federal Bureau of Investigation and the New York City Department of Investigation conducted an investigation into allegedly fraudulent billing practices in which EIP therapists were purportedly submitting session notes for non-existent EIP therapy sessions. See PSR ¶ 6.

  During the course of the investigation, law enforcement officers determined that the defendant submitted at least 600 fraudulent session notes for non-existent EIP therapy sessions between approximately April 2014 and April 2018. See PSR ¶ 11. The defendant's years-long pattern of fraud resulted in the improper disbursement of approximately $19,740 in Medicaid funds, and approximately $40,530 in New York City Department of Health and Mental Hygiene funds. See id.

  During the course of the investigation, law enforcement officers identified at least 330 occasions in which the historical location data for the defendant's cellular telephone reflected that that the defendant was not in the vicinity of the EIP therapy session location at the time that she claimed to be performing an EIP therapy session. See PSR ¶ 12. Law enforcement officers also identified at least 170 occasions in which the defendant submitted a session note for an EIP therapy session that occurred while the defendant was out of New York State or in transit. See id. Law enforcement officers also identified at least 90 occasions in which the defendant submitted an invoice for an EIP therapy session purportedly occurring at one location for one child when the defendant was working as a Department of Education teacher at a different location – essentially claiming to be in two places at once. See id. In total, the defendant's actions deprived 26 separate children of the EIP therapy sessions to which they were entitled. See PSR ¶ 13.

  III.  Guidelines Calculation

  The government submits that the Guidelines calculations set forth below should be applied:

| | |
|---|---:|
| Base Offense Level   (§ 2B1.1(a)(2)) | 6 |
| Plus: Loss Amount Exceeds $40,000 (§ 2B1.1(b)(1)(D)) | +6 |
| Plus: Vulnerable Victims (§§ 3A1.1(b)(1)) | +2 |
| Plus: Large Number of Vulnerable Victims (§§ 3A1.1(b)(1)) | +2 |

2

| | |
|---|---:|
| Plus: Use of Special Skill (§ 3B1.3) | +2 |
| Less: Acceptance of Responsibility (§§ 3E1.1(a), (b)) | -3 |
| **Total Offense Level:** | **15** |

The total offense level is 15, which, based on a Criminal History Category of I, carries a Guidelines range of 18 to 24 months of imprisonment.

IV. Applicable Law

It is settled law that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In doing so, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted). "When a factor is already included in the calculation of the [G]uidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the [G]uidelines calculation." United States v. Sindima, 488 F.3d 81, 87 (2d Cir. 2007) (quotation omitted, alterations in original). "[W]here the sentence is outside an advisory Guidelines range, the court must also state 'the specific reason' for the sentence imposed, in open court as well as in writing – 'with specificity in a statement of reasons form' that is part of the judgment." United States v. Aldeen, 792 F.3d 247, 251-252 (2d Cir. 2015), as amended (July 22, 2015) (quoting 18 U.S.C. § 3533(c)(2)).

Title 18, United States Code, Section 3553(a) provides that, in imposing sentence, the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct; [and]
>
> (C) to protect the public from further crimes of the defendant.

Section 3553 also addresses the need for the sentence imposed "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in most effective manner." 18 U.S.C. § 3553(a)(2)(D). "The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a).

At sentencing, "the court is virtually unfettered with respect to the information it may consider." United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988). Indeed, Title 18, United States Code, Section 3661 expressly provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence, considering all relevant facts. To the extent there remain any open issues as to the correct Guidelines range, the Court should first make any necessary finding to arrive at the correct range. Nevertheless, however the Court arrives at the correct Guidelines range, it still must fashion a sentence that meets the criteria of Section 3553(a) under the specific facts of this case.

V.   Argument

The government respectfully requests that the Court impose a sentence of two years of probation with conditions of community service and restitution in the amount of $60,270. The government submits that such a below-Guidelines non-incarceratory sentence is, in this case, sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

To be clear, the defendant's criminal conduct cannot be characterized as one instance of poor judgment. Rather, the defendant defrauded various government programs over the course of several years, in total reaping more than $60,000 in improper benefits as a result. Worse, in connection with the EIP, her pattern of fraud caused 26 developmentally delayed children not to receive all of the therapeutic services to which they were entitled. Her conduct was also occasionally rather brazen, for example when she submitted 170 session notes while she was out of New York State or in transit.

Nonetheless, the government respectfully submits that a probationary sentence is, in this case, sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). The defendant has no prior criminal convictions and has taken steps to express remorse and accept responsibility for her actions. Under these circumstances, the government is not seeking an incarceratory sentence.

VI.  Conclusion

For the forgoing reasons, the Government respectfully requests that the Court impose a sentence of two years of probation with conditions of restitution and community service, as a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing, see 18 U.S.C. § 3553(a)(2).

          Respectfully Submitted,

          BREON PEACE
          United States Attorney

By:   /s/ Ryan C. Harris
       Ryan C. Harris
       Erin M. Reid
       Assistant United States Attorneys
       (718) 254-6489/6361

cc:   Clerk of the Court (WFK) (by ECF)
      Gary Villanueva, Esq. (by ECF)
      Michelle Malko, United States Probation Officer (by email)